UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Tanios Abidaoud, | ) |
| Plaintiff, | ) 04 11567 WGY |
| | ) CIVIL ACTION NO. |
| vs. | ) MAGISTRATE JUDGE_____ |
| Forest City Residential Management, Inc., | ) |
| Defendant. | ) |

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1. Jurisdiction of all Counts is conferred by 28 U.S.C. 1332, as there is a complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Jurisdiction of Count I is conferred by 28 U.S.C. 1331, as this Count arises under the laws of the United States.

3. Jurisdiction of Count II is conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C.

### Parties

4. The Plaintiff, Tanios Abidaoud ("Abidaoud"), is a citizen of the Commonwealth of Massachusetts, Suffolk County.

5. The Defendant, Forest City Residential Management, Inc. ("Forest City"), is an Ohio corporation, with a principal place of business in Cleveland Ohio.

## Facts

6. Abidaoud is a permanent resident of the United States and is of Lebanese national origin.

7. In or around April, 2003 Abidaoud commenced employment with Forest City as a Maintenance Supervisor at its 129 Franklin Street, Cambridge, MA property.

8. As part of his job responsibilities, Abidaoud supervised a maintenance crew of, initially, six employees.

9. During the majority of Abidaoud's employment with Forest City, the maintenance crew consisted entirely of individuals of Hispanic national origin.

10. During his employment with Forest City, Abidaoud witnessed numerous acts of discrimination against these Hispanic employees.

11. They were often referred to by Property Manager Cindy Gomes as "those Latinos" (as opposed to calling them by their names); the quality of their work and their job performance were routinely falsely criticized; and false allegations of improper conduct were routinely made against them.

12. During the last week of August/first week of September, 2003 Abidaoud complained to District Manager Cindy Morris concerning Gomes' unfair and different treatment of these employees.

13. Shortly thereafter, Abidaoud received a false written warning from Gomes.

14. On or about September 15, 2003 Abidaoud complained in writing to Forest City's Human Resources Department concerning discrimination against the Hispanic employees in his crew.

15. Shortly after this complaint, Gomes called Abidaoud into a meeting wherein she retaliated against him for his above complaints by threatening his job.

16. During the meeting, Gomes stated to Abidaoud that he was putting her staff "under a bus", that Boston was a small town and Abidaoud should be careful, and that she did not know what culture he came from.

17. Subsequent to his above written and oral complaints, Abidaoud received two false written warnings, and a negative performance review.

18. On or about January 22, 2004, Abidaoud was involuntarily terminated from his position at Forest City.

19. The stated reasons for the above warnings, review and termination -alleged performance issues- were false and a pretext for unlawful discrimination and retaliation.

20. Subsequent to his termination, Abidaoud was replaced by an individual of American national origin.

21. At all times during his employment with Forest City, Abidaoud met and/or exceeded the legitimate performance expectations for his position.

22. The above acts of Forest City have caused Abidaoud to suffer lost income, lost income earning capacity, personal injury including severe emotional distress, and have otherwise damaged him.

## COUNT I
### Title VII Of the 1964 Federal Civil Rights Act, as Amended
### 42 U.S.C. 2000e, et seq.

23. The Plaintiff adopts by reference all above allegations, and further alleges:

24. All conditions precedent regarding this Count have been compiled with.

25. Abidaoud was subjected to unlawful discrimination by Forest City in the benefits, terms and conditions of his employment, as set forth above, on the basis of national origin.

26. The above described discrimination directed against Abidaoud had the purpose or effect of unreasonably interfering with his work performance and/or creating an intimidating, hostile, or offensive working environment.

27. Abidaoud was additionally subject to retaliation by Forest City for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

28. Forest City's above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Tanios Abidaoud, demands judgment against Forest City in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

## COUNT II
### Massachusetts General Laws, Chapter 151B

29. The Plaintiff adopts by reference all above allegations, and further alleges:

30. All conditions precedent regarding this Count have been compiled with.

31. Abidaoud was subjected to unlawful discrimination by Forest City in the benefits, terms and conditions of his employment, as set forth above, on the basis of national origin.

32. The above described discrimination directed against Abidaoud had the purpose or effect of unreasonably interfering with his work performance and/or creating an intimidating, hostile, or offensive working environment.

33. Abidaoud was additionally subject to retaliation by Forest City for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

34. Forest City's above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Tanios Abidaoud, demands judgment against Forest City in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY UPON ALL COUNTS

Respectfully submitted,
Tanios Abidaoud
By his attorney,

Paul F. Wood, BBO 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, Massachusetts 02114
(617) 532-2666

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Tanios Abidaoud v. Forest City Management, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓    II.   195, 368, 400, 440, (441-444) 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

    04 11567

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Boston

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐   NO ☐      OR WESTERN SECTION: YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Law Office of Paul F. Wood P.C.
ADDRESS  45 Bowdoin Street
TELEPHONE NO.  Boston, Massachusetts 02114
                617-532-2666

(Categfrm.rev - 3/97)